IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

Crim No.: 25- 298 (SCC)

[3] MARK T. ROSSINI
Defendant.



## PLEA AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Mark T. Rossini and Defendant's counsel, Michael B. Nadler, pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

**1. Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to a one count Information[1] charging the following:

From on or about April of 2020 to on or about August of 2020, Mark T. Rossini, aided and abetted by others, did knowingly and willfully facilitate an express or implied promise to make a contribution in connection with the New Progressive Party's primary election for Governor of Puerto Rico, aggregating more than $2,000,

---

[1] The Defendant and the government agree to incorporate the Information in its entirety into this Plea Agreement.

during a calendar year, in violation of 52 U.S.C. § 30121 (Contribution by a Foreign National) and § 30109(d)(1)(A)(ii) (Penalties for Violations) and 18 U.S.C. § 2.

## 2. Maximum Penalties

The maximum statutory penalty for the offense charged in Count One of the Information is a term of imprisonment of one (1) year, pursuant to 52 U.S.C. § 30109(d)(1)(A)(ii); a fine not to exceed one hundred thousand dollars, pursuant to 18 U.S.C. § 3571(b)(5); and a supervised release term of not more than one year, pursuant to 18 U.S.C. § 3583(b)(3).

## 3. Sentencing Guidelines Applicability



Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of twenty-five dollars ($25.00). The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court



Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant recommend the following advisory Guidelines calculations, Defendant acknowledges that the Court is not required to accept these recommended Guidelines calculations. Further, the parties stipulate that the contribution amounts for purposes of the guidelines, exceeded $15,000.00.

| Sentencing Guidelines Calculations<br>Contribution by a Foreign National<br>(52 U.S.C. § 30121) | |
|---|---|
| **Base Offense Level:** U.S.S.G. § 2C1.8 | 8 |
| **Involving More Than $15,000.00:** U.S.S.G. § 2C1.8(b)(1) cross reference to § 2B1.1(b)(1)(C) | 4 |
| **Involved Foreign National:** U.S.S.G. § 2C1.8(b)(2)(A) | 2 |
| **Minor Participant in Offense:** U.S.S.G. §3B1.2(b) | -2 |
| **Acceptance of Responsibility:** U.S.S.G. § 3E1.1 | -2 |
| **Zero Point Offender Adjustment:** U.S.S.G. § 4C1.1 | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | 8 |
| TOL 8: CHC I (0-6 months) | |





### 8. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the defendant may request any lawful sentence, including a sentence of probation, while the government reserves its right to recommend a sentence within the applicable guideline range calculated above. The parties further agree that pursuant to U.S.S.G. § 5C1.1(b) "a sentence of imprisonment is not required." *Id.*

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

United States v. Mark T. Rossini

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the Guidelines range for the total offense level calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. Satisfaction with Counsel



Defendant is satisfied with counsel, Michael B. Nadler, Esq., and asserts that counsel has rendered effective legal assistance.

### 12. Rights Surrendered by Defendant Through Guilty Plea



Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant

unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.




### 13. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 14. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 15. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and accompanying Supplement

### 16. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 17. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.




### 18. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint

which may have previously been dismissed or which may have not been previously prosecuted.

Additionally, in the event of such a breach, the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant at any time, including such statements, information, and materials provided pursuant to this Plea Agreement or during the course of any interviews, conversations, or debriefings conducted in anticipation of, or after entry of this Plea Agreement, including the defendant's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The defendant understands that Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights arising under these rules.



19. **Package Plea Provision**

Defendant is fully aware that this is a package plea agreement, that is, a Plea Agreement conditioned upon the guilty plea of the co-defendant. Defendant certifies that Defendant is not entering into this guilty plea because of threats or pressures from any co-defendant. Pursuant to *United States v. Martinez-Molina*, 64 F.3d 719 (1st Cir. 1995), package plea agreements require that the District Court be alerted to the fact that co-defendants are entering a package deal so that the District Court can carefully

ascertain the voluntariness of each defendant's plea. The parties further agree that should any of the co-defendants withdraw the guilty plea, the United States reserves its right to withdraw from its obligations under the package plea agreement in its entirety.

20. **Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

21. **Dismissal of Criminal Case No. 22-342 (SCC)**

In exchange for the Defendant's plea of guilty, the United States agrees to dismiss the Indictment in 22-342 (SCC) at the conclusion of the sentencing to Count One of the Information related to this Plea Agreement.

W. STEPHEN MULDROW
United States Attorney

_____
Myriam Y. Fernandez-Gonzalez
Assistant U.S. Attorney
Dated: 8·27·2025

FOR DEFENDANT:

_____
Michael B. Nadler, Esq.
Counsel for Defendant
Dated: 06/19/2025

_____
Mark T. Rossini
Defendant
Dated: 6/16/25

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 6/16/25

Mark T. Rossini
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 06/19/2025

Michael B. Nadler
Counsel for Defendant

United States v. Mark T. Rossini

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Mark T. Rossini, admits that Defendant is guilty as charged in the Information and admits the following:

From on or about March of 2020 to on or about June of 2020, Defendant [1] Wanda Vazquez-Garced was campaigning to be Governor of Puerto Rico. Defendant [2] Juilo Herrera-Velutini, a foreign national, promised to contribute money or other things of value to support Vazquez's campaign. Defendant [3] Mark Rossini agreed to act as a pass through for the contributions to facilitate the unlawful contributions. The parties stipulate that for the purposes of the sentencing guideline calculations, the promised contributions exceeded $15,000 but did not exceed $25,000. Rossini was aware that foreign nationals could not contribute money or other things of value, but acted knowingly and willfully in promising to facilitate the foreign contributions to the Vazquez campaign.




INTENTIONALLY BLANK

United States v. Mark T. Rossini

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical and documentary evidence which would have proven beyond a reasonable doubt that Defendants did knowingly and willfully agree to contribute, transfer, and accept foreign contributions made in connection with the primary election in Puerto Rico in 2020.

_____
Myriam Y. Fernandez-Gonzalez
Assistant U.S. Attorney
Dated: 8·27·2025

_____
Michael B. Nadler, Esq.
Counsel for Defendant
Dated: 06/19/2025

_____
Mark T. Rossini
Defendant
Dated: 6/16/25